UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

LUIS SALINAS,

    Plaintiff,

v.

HOSPITALITY STAFFING
SOLUTIONS, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LUIS SALINAS ("Mr. Salinas" or "Plaintiff") files this Complaint against Defendant, HOSPITALITY STAFFING SOLUTIONS, LLC, ("HSS" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND FMLA COVERAGE**

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Brevard County, Florida.

5. Plaintiff worked for Defendant in Osceola County, Florida, and this venue, therefore is proper.

6. Defendant is a foreign limited liability company that provides staffing services and solutions to the hospitality industry in, among other places, Osceola County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

11. On or around May 20, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for the Defendant, most recently as a Regional Safety Manager, from April 6, 2014, until his termination on April 8, 2020.

16. Mr. Salinas was an excellent employee, with no significant history of attendance, performance or disciplinary issues.

17. Unfortunately, on or about March 25, 2020, Plaintiff began experiencing symptoms of a disability and serious health condition, specifically the coronavirus/COVID-19 pandemic, including coughing, fever, and respiratory difficulties.

18. At the time, Plaintiff did not know that he was positive for coronavirus/COVID-19, and knew only that he was suffering a severe respiratory malady.

19. On March 27, 2020, Mr. Salinas informed HSS's Vice President of Risk Management, Jim Williamson, of his ongoing disability and serious health condition.

20. In response to Mr. Salinas's disclosures, HSS failed to provide Mr. Salinas FMLA paperwork and failed to advise him of his rights and responsibilities under the FMLA.

21. On March 31, 2020, HSS's Chief Financial Officer, Vincent Lombardo, called Mr. Salinas on the phone.

22. At that time, Mr. Salinas informed Mr. Lombardo that he was still sick and experiencing symptoms of his disability and serious health condition.

23. Also on March 31, 2020, Mr. Salinas's direct supervisor, Jim Williamson, sent an email to Mr. Lombardo, and to HSS Vice President of Operations Luke Lindahl, and to HSS Area Manager Ron Boston, stating (based on his own supposition rather than on any facts known at that time) that Mr. Salinas had coronavirus/COVID-19 and would not be able to travel, as Mr. Lindahl had previously requested, to conduct some training sessions in Atlanta, Georgia.

24. On April 3, 2020, Mr. Salinas visited an urgent care clinic to treat and address his disability and serious health condition.

25. Mr. Salinas learned on April 6, 2020, that he had indeed tested positive for coronavirus/COVID-19.

26. Mr. Salinas reached out to HSS that day via his wife, as he had trouble speaking due to his illness, informed HSS of his diagnosis, and attempted to engage in a dialogue with his managers and supervisors at HSS about potential reasonable accommodation for his disability, but HSS rebuffed his overtures.

27. Instead, two (2) days later, on April 8, 2020, Mr. Lombardo and Arlene Williams in HSS's Human Resources Department called Mr. Salinas and informed him that HSS had decided to terminate his employment, effective immediately.

28. HSS attempted to explain its adverse employment action against Mr. Salinas by alleging that company profits were down.

29. HSS was unable, however, to explain why Mr. Salinas was the only one in his department to be terminated, especially in light of Mr. Salinas's seniority.

30. An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

31. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing or attempting to utilize what should have been proper and authorized FMLA leave.

32. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

33. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use or attempted use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

34. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

35. Defendant's stated reason for Plaintiff's termination is a pretext for FMLA interference and retaliation.

36. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for suffering a serious health condition and disclosing to Defendant his potential need for unpaid FMLA leave in order to treat and address the condition.

37. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

38. HSS's failure to provide the requested accommodation to Mr. Salinas is a clear violation of the FCRA.

39. The accommodation Mr. Salinas required was merely a brief period of unpaid leave in order to recover from his illness and make sure that he tested negative before returning to work.

40. This accommodation would not amount to a hardship for HSS, and would instead have been prudent and wise and protective of HSS's staff and customers.

41. Mr. Salinas is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Regional Safety Manger.

42. HSS's discriminatory/retaliatory treatment, which resulted in Mr. Salinas's termination, violated the FMLA and the FCRA.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the Florida Civil Rights Act.

44. "Reasonable accommodation" under the FCRA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or

modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B); *see also Barron v. Sch. Bd. of Hillsborough County*, 3 F.Supp.3d 1323, 1330-31 (M.D. Fla. 2014).

45. Mr. Salinas's termination stemmed from Defendant's discriminatory animus toward his use of FMLA leave and need for accommodation under the FCRA.

46. The timing of Plaintiff's adverse employment action makes the causal connection between his use of FMLA, his request for reasonable accommodations under the FCRA, and his adverse employment action sufficiently clear.

47. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation and disability discrimination.

48. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA and FMLA were intended to prevent.

49. Additionally, the facts surrounding Plaintiff's adverse employment action also create a strong inference of disability discrimination in violation of the FCRA.

50. The Defendant was aware of Plaintiff's FCRA-protected medical condition and need for accommodation.

51. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for attempting to take FMLA leave to seek treatment and for requesting reasonable accommodations.

52. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

53. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

54. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

55. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

56. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

57. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of his disability and/or "perceived disability."

58. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

59. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

60. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 13 through 29, 31 through 37, 42, 45 through 48, 51 through 52, and 58 through 59, above, as if fully set forth herein.

61. At all times relevant hereto, Plaintiff was protected by the FMLA.

62. At all times relevant hereto, Defendant interfered with Plaintiff by having an aggressive and hostile demeanor in response to Plaintiff's disclosure of his serious health condition, by failing to provide him FMLA paperwork in response to his disclosure of his serious

health condition, by failing to advise him of his rights and obligations under the FMLA in response to his disclosure of his serious health condition, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

63. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

64. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 13 through 29, 31 through 37, 42, 45 through 48, 51 through 52, and 58 through 59, above, as if fully set forth herein.

67. At all times relevant hereto, Plaintiff was protected by the FMLA.

68. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his disclosing his serious health condition and for his attempted use of FMLA protected leave.

69. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

70. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

71. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### DISCRIMINATION UNDER THE FLORIDA
### CIVIL RIGHTS ACT BASED ON DISABILITY

73. Plaintiff realleges and adopts the allegations contained within paragraphs 1 through 6, 9 through 19, 21 through 30, 32, and 38 through 59, above, as if fully set forth herein.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

75. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

76. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

77. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 15th day of December, 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com